# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

LARRY ALBERT FORD, #331643,

        Petitioner,

v.                                                                                              ACTION NO.
                                                                                                               2:04cv747

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Larry Albert Ford ("Ford") pled guilty and was convicted in the Circuit Court for the County of Rockbridge on August 13, 2003, of four counts of uttering a forged public record, four counts of forging a public record, possession of a birth certificate for deceptive purposes, giving false information on an application for a Department of Motor Vehicles ("DMV") identification card, and illegally obtaining documents from DMV. On November 26, 2003, Ford was sentenced to 12 years

imprisonment with 9 years suspended.

Ford's direct appeal of his convictions to the Court of Appeals of Virginia was dismissed on April 15, 2004, because his notice of appeal was not timely filed. On April 20, 2004, Ford filed a habeas petition in the Supreme Court of Virginia, which was dismissed on November 15, 2004.

Ford, presently in the custody of the Virginia Department of Corrections at the Bland Correctional Center in Bland Farm, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 14, 2004. On February 15, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss with an accompanying brief in support. Ford filed a response to the Motion to Dismiss on February 28, 2005.

### B. Grounds Alleged

Ford asserts that the following entitle him to relief under 28 U.S.C. § 2254:

    (i)    that he was denied effective assistance of counsel due to his counsel's:

        (a)    conspiring against Ford with the prosecuting attorney, to place Ford in jeopardy multiple times for the same offense, by failing to withdraw the appeal of a misdemeanor identity theft conviction prior to his trial *de novo* in the circuit court, thus allowing the prosecutor to *nolle prosequi* that conviction and charge Ford with multiple felonies of forging public documents and uttering forged public documents based on the same evidence;

        (b)    intoxication several times during his representation of Ford, causing Ford to plead guilty so counsel could not make things worse;

        (c)    failure to appeal Ford's convictions to the Court of Appeals of Virginia in accordance

           with Ford's instructions;

(ii)     Ford was subjected to jeopardy multiple times for the same offenses, in that each of his forging convictions constituted the same legal offense as each of his convictions for uttering forged public records;

(iii)    the Supreme Court of Virginia erred in state habeas corpus when it dismissed his search-and-seizure claim as procedurally defaulted under the rule of Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974);

(iv)    he was denied effective assistance of counsel due to his counsel's failure to initiate a direct appeal in accordance with Ford's instructions; and,

(v)     Ford was prejudiced when his motion to withdraw his guilty pleas and his motion to suppress evidence were ruled on by a judge who was mentally disabled, as shown by the judge's death the following day due to a brain anurism.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir.), cert. denied, 510 U.S. 984 (1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (citing Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th

Cir. 1997).

Grounds (i)(b), (ii) and (v) were not raised before the Supreme Court of Virginia. To exhaust a claim, the same legal argument based upon the same facts must be presented to the state court prior to entry into federal court. Anderson v. Harless, 459 U.S. 4, 6-7 (1982). In his state court habeas petition, Ford mentions smelling alcohol on counsel's breath, but never states a claim of ineffective assistance of counsel based on this, as was made in Ground (i)(b) of the present petition. Further, Ford made claims of double jeopardy in his state habeas petition, but nowhere made the legal argument presented in Ground (ii) that each of his forging charges should be merged into the accompanying uttering charge.

"[T]he exhaustion requirement demands that the petitioner do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994), (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). The references made to alcohol and double jeopardy in Ford's state petition are not sufficient to exhaust the claims presented in Grounds (i)(b) and (ii) of the present petition. Further, the claim presented in Ground (v) was not mentioned in any form in Ford's state habeas petition. Therefore, Ford failed to exhaust these claims in the state court as required by 28 U.S.C. § 2254(b).

Because "[t]his exhaustion requirement . . . refers only to remedies still available at the time of the federal petition," Engle v. Isaac, 456 U.S. 107, 125, n.28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), Ford can satisfy the requirement "if it is clear that [ Ford's] claims are now procedurally barred under [Virginia] law," Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). See also Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997):

> [T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met . . . when a state procedural rule would bar consideration if the claim was later presented to the state court.

Matthews, 105 F.3d at 911 (internal citations and quotation marks omitted).

Virginia does bar Ford from raising these claims on state habeas corpus now because he had knowledge of these claims at the time he filed his previous state habeas corpus petition and failed to raise the claims in that petition. See Va. Code 8.01-654(B)(2). Therefore, Ford has met the exhaustion requirement for the claims.

However, even if his claims meet the exhaustion requirement, under Wainwright v. Sykes, 433 U.S. 72, 87-91, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), Ford cannot raise in a federal habeas corpus proceeding any claim he did not first present to the Virginia Supreme Court unless he can show cause for failing to present the claim and prejudice resulting therefrom. Nowhere in his federal petition has Ford shown the requisite cause and prejudice which this Court must find before considering the merits of the claims. Therefore, this Court finds that Grounds (i)(b), (ii) and (v) are defaulted on federal habeas and will not address the merits.

## B. State Procedural Rule

Ford's search and seizure claims discussed in Ground (iii) were raised in his habeas petition to the Supreme Court of Virginia, but were rejected by that court based upon a state procedural rule. The Supreme Court of Virginia refused to consider these claims because they were not raised on direct appeal. Therefore, the claims were barred by Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975). [1]

---

[1] The Supreme Court of Virginia upheld the decision of the Circuit Court which dismissed the claim based on Slayton v. Parrigan. Therefore, the decision of the Supreme Court

Clearly the Virginia Supreme Court's refusal to hear these claims rested squarely on the state procedural bar provided in Slayton v. Parrigan. There was no interweaving of any federal law within Virginia's refusal to consider Ford's claims. The Fourth Circuit has held,

> [a]bsent cause and prejudice or a miscarriage of justice, a federal court sitting in habeas may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule. . . . We have held on numerous occasions that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision . . . . We reject [the] argument that the procedural default rule set forth in Slayton does not bar consideration of his claims because it is not independent of federal law.

Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir.), cert. denied, 118 S.Ct. 438 (1997) (internal citations omitted).

There is no cause, prejudice, or miscarriage of justice alleged by Ford or apparent to this Court. Therefore, this Court cannot now review claims which were procedurally defaulted in the Virginia Supreme Court. This Court recommends denying Ford's Ground (iii).

### C. Merits

Ford's petition to the Virginia Supreme Court for a writ of habeas corpus contained the same claims raised in Grounds (i)(a), (i)(c) and (iv) of the present petition; therefore, those Grounds meet the exhaustion requirement. Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits[2] unless the Supreme

---

of Virginia is presumed to rest upon the same ground. See Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L.Ed.2d 706 (1991).

[2] The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1509, 146 L.Ed.2d 389 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

The Supreme Court of Virginia, on November 15, 2004, dismissed Ford's petition for habeas corpus after thoroughly considering Ford's claims reflected in Grounds (i)(a), (i)(c) and (iv) of the present petition. The Supreme Court of Virginia clearly articulated its application of Strickland v. Washington to the facts in this case. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). There is no indication from the record that the adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts. Therefore, this Court recommends denial of Ford's Grounds (i)(a), (i)(c) and (iv).[3]

---

[3] To the extent any of the legal theories contained in Grounds (i)(b) and (ii) were presented to the Virginia Supreme Court in Ford's state habeas petition, and were properly

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Ford's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss should be GRANTED.

Ford's Ground (i)(b), (ii) and (v) should be DENIED because they were never raised to the Virginia state courts and Ford has shown no cause for failing to present the claim and no prejudice resulting therefrom which this Court must find before considering the merits of the claim.

Ford's Ground (iii) should be DENIED because it was procedurally barred from review in the state courts and thus, may not now be considered in this federal Court.

Ford's Grounds (i)(a), (i)(c) and (iv) should be DENIED because they were previously adjudicated by the Supreme Court of Virginia on the merits and based on the holding in <u>Strickland</u> and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Ford's request for an evidentiary hearing is hereby DENIED.

Ford has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

---

exhausted, they should be denied for the reasons stated in this section.

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                                                  /s/
                                     Tommy E. Miller
                               United States Magistrate Judge

Norfolk, Virginia

May 6, 2005

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Larry Albert Ford, #331643
Bland Correctional Center
256 Bland Farm Road
Bland Farm, VA 24315

John H. McLees, Jr., Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

              Elizabeth H. Paret, Clerk

           By _____
             Deputy Clerk

            May  , 2005